**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSE RAMIRO VINTIMILLA SUAREZ,<br><br>Petitioner,<br><br>v.<br><br>LUIS SOTO, *et al.*,<br><br>Respondents. | Civil Action No. 26-10552 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Petitioner Jose Ramiro Vintimilla Suarez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 arguing his detention is unlawful. (ECF No. 1.) Respondents ("Government") opposed (ECF No. 4) and Petitioner replied (ECF No. 6). The Court considered the parties' submissions and decides the Petition without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner, an Ecuadorian native, entered the United States on November 9, 2020, without admission or parole. (Gov't Opp'n at 1, ECF No. 4.) Petitioner was found to be inadmissible under 8 U.S.C. § 1182(a). (*Id.*) On July 27, 2026, an immigration judge ("IJ") ordered Petitioner removed *in absentia*. (ECF No. 4-2.) On August 17, 2026, Immigration and Customs Enforcement ("ICE") officers took Petitioner into custody. (Gov't Opp'n at 1.)

On August 18, 2026, Petitioner filed the instant Petition arguing he is unlawfully detained under 8 U.S.C. § 1225(b). (Pet., ECF No. 1.) On August 21, 2026, Respondents opposed, arguing Petitioner is subject to a final order of removal and is lawfully detained under 8 U.S.C. § 1231(a). (Gov't Opp'n.) On August 27, 2026, Petitioner replied, submitting that on August 24, 2026, he moved to reopen and rescind the *in absentia* removal order staying his removal, resulting in him being detained under 8 U.S.C. § 1226(a). (*See* Pet. Reply; ECF No. 6-1.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Petitioner has the burden of showing he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. DISCUSSION

In the Petition, Petitioner argues that he is lawfully detained under 8 U.S.C. § 1225(b). (Pet.) The Government argues Petitioner is lawfully detained under an *in absentia* final order of removal pursuant to 8 U.S.C. § 1231(a). (Gov't Opp'n.) Petitioner replied arguing that because his Motion to Reopen stayed his removal, he is now detained under 8 U.S.C. § 1226. (Pet. Reply.)

Petitioner has a final order of removal. The record shows on July 27, 2026, an IJ ordered Petitioner removed *in absentia*. (ECF No. 4-2.) Petitioner's *in absentia* removal order is, by statute,

a final order of removal. *See* 8 U.S.C. § 1229a(b)(5); *In re Guzman*, 22 I. & N. Dec. 722, 722-23 (BIA 1999). Petitioner has been subject to a final order of removal since that time.

Petitioner's motion to reopen does not change that he is subject to a final order of removal; it only "stay[s] the removal of [Petitioner] pending disposition of the motion by the [IJ]." 8 C.F.R. § 1003.23(b)(4)(ii). As such, Petitioner's removal is stayed pending the review of his motion to reopen. But he is still subject to a final order of removal.

§ 1231 states, in relevant part, that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of [ninety] days." 8 U.S.C. § 1231(a)(1)(A). This ninety-day detention is mandatory. *See Zadvydas*, 533 U.S. at 683 ("After entry of a final removal order and during the [ninety]-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)). As a result, Petitioner's detention, measured from his July 27, 2026 final order of removal, is still within the ninety-day mandatory detention period, rendering any challenge to his § 1231 detention premature.

## IV. CONCLUSION

For the reasons set forth above, the Petition (ECF No. 1) is **DISMISSED without prejudice**. An appropriate Order accompanies this Opinion.

**DATED: 10/6/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**